UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: 4:18-CR-00013-TWP-VTW |
| ) | |
| WAYNE JOHN KOMSI, III, ) | |
| ) | |
| *Defendant*. ) | |

**GOVERNMENT'S MOTION FOR ORDERS *IN LIMINE***

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and by Lindsay Karwoski and Michelle Brady, Assistant United States Attorneys, respectfully it's Motion for Orders *In Limine*. In support thereof, the government states as follows:

**I. LAURA RAIMAN'S TESTIMONY IS PROHIBITED BY THE RULES OF EVIDENCE**

The United States respectfully moves the Court, *in limine*, to preclude the defendant from introducing the testimony of Laura Raiman. During the final pretrial conference in this case on June 7, 2019, defense counsel proffered that Ms. Raiman had no percipient knowledge of, or participation in, the Defendant's plea agreement in Jennings County. Counsel proffered that she would testify regarding her interpretation of the plea terms of the Jennings County plea agreement and Komsi's continued participation in Veteran's Treatment Court. Both lines of evidence are inadmissible.

1

### A. Interpretation of Plea Terms

Ms. Raiman's testimony regarding her interpretation of plea terms is inadmissible under Federal Rules of Evidence 401 and 403. Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is *of consequence to the determination of the action* more probable or less probable than it would be without the evidence." (emphasis added) Fed. R. Evid. 402 provides that "[i]rrelevant evidence is not admissible." Relevant evidence, however, may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confus[ion of] the issues. . . ." Fed. R. Evid. 403. The "fact[s] that [are] of consequence to the determination of [this cause]" are defendant's false statements during the purchase of firearms and Komsi's knowledge of his pending felony case.

Ms. Raiman's interpretation of plea terms in an agreement to which she was not a part is irrelevant and prejudicial. The plea agreement, attached at Exhibit 1, speaks for itself. It is for the trier of fact to determine based on the document itself whether or not Komsi knew (or should have known) that he had a pending felony case. The testimony should be barred on this basis.

Moreover, the testimony is also barred under Federal Rule of Criminal Procedure 16(b)(1)(C) and Fed. R. Evid. 702. Based on defense counsel's proffer, Ms. Raiman would be testifying regarding her interpretation of a legal document, which would be expert testimony, especially given the fact that Ms. Raiman was not the counsel of record in the Jennings County proceeding, and therefore, not a fact witness regarding that plea. As such, any opinion she has regarding her interpretation would be expert opinion. Defense counsel has not provided the required expert witness disclosure, even after being specifically asked for this disclosure. Counsel was asked for expert witness disclosure on July 18, 2018 (see Exhibit 2). Since the

United States has not received the required expert witness disclosures, and since defense counsel has specifically stated in his pretrial filing he has no experts, such evidence should be barred.

### B. Komsi's Continued Participation in Veteran's Treatment Court

In addition to "interpreting" Komsi's Jennings County plea agreement, defense counsel proffered that Ms. Raiman would testify regarding Komsi's continued participation in Veteran's Treatment Court. Ms. Raiman's testimony regarding this matter is inadmissible because it is irrelevant and inadmissible character evidence. That Komsi is continuing to participate in the Veteran's Treatment Court is not relevant to any fact at issue in this case. His continued participation does not go to whether or not he knew he had a pending felony, whether he lied on the firearms transaction record, or whether the lie was intended or likely to deceive the firearms dealer. Such testimony could only be properly characterized as inadmissible character evidence.

Fed. R. Evid. 404(a) provides that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The United States anticipates that Ms. Raiman, if testifying about Komsi's continued participation in the treatment court, would be testifying that Komsi is complying with his obligations or doing well. This is character evidence, and there is no other relevant, admissible reason for such evidence. This testimony should be barred.

## II. HEARSAY AND OPINION TESTIMONY FROM THERAPIST PENTZ AND CHAPLAIN SUTTERFIELD IS LIKEWISE BARRED BY THE RULES OF EVIDENCE

The United States respectfully moves the Court, *in limine*, to preclude the defendant from attempting to introduce evidence of Komsi's medical diagnosis through the testimony of hearsay witnesses. At the final pretrial conference on June 7, 2019, defense counsel testified that he

3

intended to call Marty Pentz, Komsi's therapist in Veteran's Treatment Court, and Reverend Sutterfield, the VA chaplain who has had interaction with Komsi during the same time period. Per the proffer, these two witnesses will testify that in the relevant time period, Komsi had an alcohol abuse problem, and that he was going through a divorce. Per counsel's proffer, these witnesses would both testify that they know his 'medical diagnosis,' as well as Komsi's personal circumstances and unresolved grief issues, and that it is their opinion that Komsi could not understand that he was pending a felony charge at the relevant time period.[1]

This testimony is clearly inadmissible on its face, for numerous reasons, as set forth below. First and foremost, however, it should be noted that such testimony is facially violative of Fed.R.Evid. 704. Rule 704(b) clearly states, "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." If the witnesses are offering their opinion as to Komsi's state of mind in their *lay* witness capacity, it is likewise prohibited under Fed.R.Evid. 701, which prohibits such lay witness opinion testimony when it is based upon "scientific, technical, or other specialized knowledge within the scope of Rule 702."

The United States' objections are fourfold: (1) the United States has not received any notice of this medical diagnosis from counsel, despite its request for reciprocal discovery; (2) this expert testimony regarding the as-yet undisclosed medical diagnosis would be offered through the

---

[1] In Komsi's *ex parte* filing that summarized these witnesses' intended testimony, which filing was disclosed to undersigned counsel following the June 7, 2019 hearing, there was no reference to these witnesses providing their opinion that Komsi lacked the state of mind to violate the firearms statute; however, that proffer regarding intent to introduce opinion testimony on that point was made at the hearing itself by defense counsel.

4

hearsay testimony of Komsi's therapist and the VA chaplain; (3) in addition to relying on an undisclosed expert's 'medical diagnosis,' the therapist and chaplain's testimony also impermissibly relies upon the hearsay statements of the Defendant himself; and (4) the testimony from Mr. Pentz and Reverand Sutterfield regarding their opinion that Komsi could not understand that he was pending a felony charge when he purchased firearms is expert opinion testimony regarding Komsi's state of mind, and that this opinion is barred by Rule 701.

### A. Komsi Has Not Provided Discovery of This Medical Diagnosis

The United States has been given no notice of Komsi's medical diagnosis, so this particular request is a less informed request than the others in this motion—at the filing of this pleading, undersigned counsel has received no discovery from Komsi regarding any 'medical diagnosis,' and has no information regarding what medical professional made this diagnosis, what credentials that dignosing professional has to adequately support such a diagnosis, what scientific or medical tests were utilized to make such a diagnosis, etc… During his proffer to the Court on June 7, 2019, and in character letters submitted on May 22, 2019 (Dkt. 43), depression is mentioned, but the United States is unsure if this is the diagnosis to which counsel refers with "medical diagnosis." Regardless, testimony regarding Komsi's medical diagnosis during the charged time period is inadmissible under Federal Rule of Criminal Procedure 16(b)(1)(C), Fed. R. Evid. 702, and Fed. R. Evid. 801.

As stated above, the United States has not received any documentation regarding Komsi's medical diagnosis, even though the United States requested such a disclosure in its July 18, 2018 discovery letter (attached as Exhibit 2). As such, the evidence should be barred under Fed. R. Crim. P. 16(b)(1)(C), which requires that defense give to the United States a written summary of

5

any testimony that the defendant intends to use under Rule 702, 703, or 705. Per Rule 16, this summary must describe, "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). At this time, the United States is still ignorant as to the medical diagnosis itself, as well as the bases and reasons for the diagnosis, the identity of the professional making such diagnosis, and that professional's qualifications to make such a diagnosis. Defense counsel stands in violation of Rule 16

### B. The Proffered Expert Testimony is Inadmissible Expert Opinion Offered Through Hearsay Surrogates

Additionally, the evidence is barred under Fed. R. Evid. 702. Medical diagnosis evidence is expert testimony. There has been no proffer regarding the basis of the diagnosis, the reliability of the principles or methods under which Komsi was diagnosed, or that those methods were appropriately applied to Komsi, all factors which are required to be shown under Fed. R. Evid. 702. This evidence would ostensibly be offered through the hearsay testimony of therapist Pentz or chaplain Sutterfield. Neither witness is a medical doctor, nor did either treat Komsi for any medical reason. Defense counsel admits that neither Pentz nor Sutterfield are experts—their testimony, including their opinion regarding Komsi's state of mind—is informed by a medical diagnosis that has not been disclosed to the United States, which diagnosis is of unknown validity and sourcing. As such, their testimony regarding this topic should be barred.

Though offered through hearsay surrogates, Komsi's alleged medical diagnosis appears to be offered to demonstrate he did not have the necessary state of mind or intent to violate the firearms laws as alleged in the Indictment. The Seventh Circuit has clearly stated such testimony violates the Rules of Evidence. In *United States v. Hauert*, 40 F.3d 197 (7th Cir, 1994), the court reviewed a district court's evidentiary rulings in an income tax evasion trial; in that case, the

defendant attempted to have both a psychiatrist, as well as his friends and coworkers testify that he had a sincere and good faith belief that he was not violating the tax laws. Defendant did not object to the district court's ruling that a psychiatrist could not offer such testimony, recognizing, "the special limitations imposed upon opinion evidence by expert witnesses under Rule 704(b)." *Hauert* at 200. Defendant did, however, claim the district court erred in excluding defendant's friends and coworkers from testifying about Defendant's state of mind, with no success, finding that the district court appropriately barred, "such lay opinion testimony dealing with defendant's subjective sincerity, motivation, knowledge, or state of mind." *Hauert* at 201.

*Hauert* is similar to the instant case, in that it appears Komsi intends to have his therapist and chaplain offer testimony regarding Komsi's state of mind. Just as in *Hauert*, this testimony is barred by the Rule of Evidence.

### C. Counsel Seeks to Introduce This Expert Opinion Through Testimony That Relies on Inadmissible Hearsay from the Defendant

Fed. R. Evid. 801(c) provides that hearsay is an out of court statement offered for the truth of the matter asserted. Defense has proffered that neither Pentz nor Sutterfield are medical doctors, nor were treating him at the time of the charged crimes. Any testimony Pentz or Sutterfield would be able to provide regarding Kosmi's medical diagnosis would be based on inadmissible statements from an as-yet unidentified medical diagnosis, as well as by Komsi himself. Apart from a doctor's diagnosis, the only additional knowledge Pentz or Sutterfield would have regarding Kosmi's depression (or pending divorce, or alcohol abuse, or other difficulties in Komsi's life that impacted his mental state at the relevant time) would be from Komsi himself. The same holds for any other potential medical diagnosis defense intends to introduce (if the 'diagnosis' did not come from Komsi, it came from some other hearsay source of which the United

7

States has not received notice).

If Komsi was indeed suffering from alcohol abuse, or upset by a pending divorce, or had any other issues that would affect his state of mind as relevant in this case, he may certainly testify to those facts himself. Surely, there can be no plainer or truer source of evidence regarding Komsi's state of mind than Komsi himself. In offering up therapist Pentz and chaplain Sutterfield, Komsi seeks to introduce his hearsay statements regarding these matters, and thereby circumvent the scrutiny of examination before the jury.

In *United States v. Beavers*, 756 F.3d 1044 (7th Cir. 2014), the Seventh Circuit upheld the district court's limitation of a witness's opinion regarding a defendant's lack of intent to violate the tax laws, due to the opinion being based, in part, on that defendant's statements regarding his state of mind. The Seventh Circuit stated, "[t]his limitation was proper. Otherwise, [Defendant] could have gotten highly selective and favorable statements of his before the jury without having to face cross-examination." *Beavers* at 1054.

The *Beavers* reasoning should be applied in the instant case. Komsi intends to have his therapist and chaplain testify regarding Komsi's personal circumstances, to include this 'medical diagnosis,' as well as "emotional distress and unresolved grief" that Komsi was experiencing during the time periods set out in the indictment. This information—that Komsi was suffering from, "emotional distress and unresolved grief" could only have come from Komsi himself. As in *Beavers*, allowing this testimony would allow Defendant to get highly selective and favorable statements before the jury without the scrutiny of cross-examination. This testimony, in compliance with *Beavers*, should be excluded.

### D. Neither Therapist Pentz Nor Chaplain Sutterfield Are Qualified to Render an Expert Opinion

At the June 7, 2019 conference, defense counsel stated that these two witnesses were aware of Komsi's diagnosis, and would testify as to their opinion that Komsi could not understand he was pending a felony charge. In the next breathe, counsel conceded that neither witness is an expert. As set forth above, Fed.R.Evid. 704(b) clearly prohibits an expert from rendering an opinion as to whether the defendant had the requisite state of mind to commit the crime. If these two witnesses are offering their lay testimony on that matter, the testimony would then be barred under Fed.R.Evid. 701, which states that opinion testimony of a non-expert may be admitted only if it is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*" Fed.R.Evid. 701 (emphasis added). In this case, per counsel's proffer, such opinion testimony would clearly be, at least in part, based on this undisclosed 'medical diagnosis,' and would, thus, be violative of Rule 701.

### E. *Bowling* Is Not Relevant on This Point

The United States respectfully moves the Court, *in limine*, to preclude the defendant from attempting to introduce testimony from Pentz and Sutterfield regarding Komsi's mental state during the time of the charged crimes. The United States concedes that Komsi's mental state is relevant evidence. However, the Rules do not allow for Komsi to circumvent having to testify by admitting inadmissible hearsay from other witnesses. Testimony from Pentz and Sutterfield regarding Komsi's mental state could only come from what Komsi told them, which are hearsay statements barred by Fed. R. Evid. 801. Defense counsel cited to *U.S. v. Bowling* for the proposition that inadmissible hearsay was allowed to show Komsi's mental state. 770 F.3d 1168,

1174-1175 (7th Cir. 2014). *Bowling*, however, stands for the proposition that Komsi's mental state at the time of the crime is relevant evidence. *Id.* *Bowling* does not say that using hearsay to prove Komsi's mental state is an admissible way to do so. *Id.* This evidence should be barred.

## CONCLUSION

WHEREFORE, the United States prays that the Government's Motion for Orders *In Limine* be granted and for all other just and proper relief.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney


By:   */s/ Lindsay E. Karwoski*
        Lindsay Karwoski
        Assistant United States Attorney


        */s/ Michelle P. Brady*
        Michelle P. Brady
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 12, 2019, a copy of the foregoing Government's Motion for Orders *In Limine* was filed electronically.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

                        */s/ Lindsay E. Karwoski*
                        Lindsay Karwoski
                        Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204
Telephone: 317-226-6333

11