# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cr-00013-TWP-VTW-1 |
| WAYNE JOHN KOMSI, III, | ) ) ) |
| Defendant. | ) |

## ENTRY ON GOVERNMENT'S MOTION IN LIMINE

This matter is before the Court on the United States' (the "Government") Motion for Orders *in Limine* to exclude the testimonies of three of Defendant Wayne John Komsi, III's ("Komsi") proposed witnesses ([Filing No. 65](Filing No. 65)). For the following reasons, the Government's motion is **granted** in part and **denied** in part.

## I. LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Government has filed a Motion for Orders *in Limine* requesting that the Court address certain matters that are capable of resolution prior to trial. The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible (or inadmissible); rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

At the final pretrial conference held on June 7, 2019, Komsi indicated that witness Laura Raiman ("Raiman"), the attorney who represented him in the Veterans Treatment Court, would testify about Komsi's plea agreement and the general operation of the Veterans Treatment Court. Komsi further indicated Marty Pentz, Ph.D. ("Dr. Pentz") and Lonnie Sutterfield, M.Div. (" Rev. Sutterfield") would testify as to his state of mind during the period in which he allegedly purchased the firearms. The Government seeks to exclude the testimonies of these three witnesses arguing the proffered testimony of each witness is either irrelevant, hearsay or opinion testimony that is barred by the rules of evidence.

### A. Testimony of Laura Raiman

Komsi indicates that Raiman will testify regarding her interpretation of the plea agreement Komsi signed in Jennings County (Indiana), which required him to appear in the Veterans Treatment Court in Bartholomew County (Indiana), and that she would testify about his participation in the Veterans Treatment Court. The Government argues both lines of evidence are inadmissible. ([Filing No. 65 at 1](#).)

#### 1. Interpretation of the Plea Agreement

At the final pretrial conference, Komsi's counsel proffered: "[a]lthough Raiman had nothing to do with the plea agreement, she is a lawyer, obviously, and she can interpret for the jury the provisions of the plea agreement as well as the process of the Veteran's Treatment Court." Raiman's interpretation of the plea agreement is inadmissible under Federal Rules of Evidence 401 and 403, according to the Government, because it is irrelevant and prejudicial. The Government also asserts that her interpretation of the Jennings County plea agreement would be inadmissible under Federal Rule of Criminal Procedure 16(b)(1)(C) and FRE 702 because, since

she was not Komsi's counsel of record in Jennings County, her interpretation of a legal document from that proceeding would be expert testimony.

Komsi responds that Raiman's responsibilities as his attorney in Bartholomew County require that she be familiar with the plea agreement. ([Filing No. 69 at 1](Filing No. 69 at 1).) He contends that if Officer Harry, the witness through whom he expects the Government to introduce the plea agreement, "fairly and accurately explains the plea agreement, with the diversion component," he may not call Raiman to testify about it. "[I]n the event that does not occur, fairness dictates that Mr. Komsi would be entitled to call his present state-court counsel to explain to the jury the plea agreement with the diversion component." *Id.* at 2.

The plea agreement itself is admissible evidence, and the Government may lay the foundation for that evidence through a witness familiar with the document. However, the rules of evidence prevent any witness, whether called by the Government or by Komsi, from interpreting the meaning of the plea agreement. A plea agreement is a contract. *U.S. v. Hallahan*, 756 F.3d 962, 971 (7th Cir. 2014). "Courts have historically refused to admit expert testimony explaining matters of domestic law, including the interpretation of contracts." *Landmark Builders, Inc. v. Cottages of Anderson, LP*, 2003 WL 21508118 at *2 (S.D. Ind., May 20, 2003). Although courts will in some cases allow expert testimony to address ambiguous terms, neither party alleges that any part of the plea agreement is ambiguous. *See WH Smith Hotel Services, Inc. v. Wendy's Intern., Inc.*, 25 F.3d 422 (7th Cir. 1994) (admitting expert testimony on industry custom and usage to assist in interpretation of ambiguous terms). Permitting testimony, whether lay testimony or expert testimony, on how to interpret the plea agreement could potentially invade the province of both the jury and the court. Therefore, the Government's Motion regarding this testimony is **granted**, and Raiman will not be allowed to offer her interpretation of the plea agreement.

## 2. Participation and Operation of the Treatment Court

The Government next requests that Raiman be prohibited from offering testimony regarding Komsi's participation in Veterans Treatment Court because that testimony is irrelevant and inadmissible character evidence. At the final pretrial conference, counsel asserted that Raiman would testify about how the treatment court operates and argued "this is competent and relevant evidence to determine whether or not the defendant was aware that he was under felony indictment at the time that he made application for the firearm acquisitions." The Government contends this testimony is irrelevant because "[h]is continued participation does not go to whether or not he knew he had a pending felony, whether he lied on the firearms transaction record, or whether the lie was intended or likely to deceive the firearms dealer." ([Filing No. 65 at 3](Filing No. 65 at 3).) Komsi does not respond to this argument.

Federal Rule of Evidence 402 provides, "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. Komsi's progress in the Veterans Treatment Court and how that court operates is not relevant evidence in this case because it does not make the facts that he had a felony charge pending against him or that he lied on the firearms transaction record more or less likely. Because the evidence is irrelevant, the Court will exclude it. The Government's Motion is **granted** as to Raiman's testimony in this regard.

## B. Testimony of Marty Pentz and Rev. Lonnie Sutterfield

Komsi's witness list included Marty Pentz, Ph.D. and Rev. Lonnie Sutterfield, M.Div., a therapist and a chaplain, respectively, at the Veterans Administration Clinic in Indianapolis, Indiana, who have interacted with Komsi in their professional capacities. ([Filing No. 43](Filing No. 43).) At the

final pre-trial conference, Komsi's counsel stated these witnesses were counseling and providing treatment for Komsi and would testify to his "state of mind around the time he purchased the firearms," including testimony about his depression and divorce. The Government asks the Court to exclude the testimony of these two witnesses. It supports the request with four arguments:

> (1) the [Government] has not received any notice of this medical diagnosis from counsel, despite its request for reciprocal discovery; (2) this expert testimony regarding the as-yet undisclosed medical diagnosis would be offered through the hearsay testimony of Komsi's therapist and the VA chaplain; (3) in addition to relying on an undisclosed expert's 'medical diagnosis,' the therapist and chaplain's testimony also impermissibly relies upon the hearsay statements of the Defendant himself; and (4) the testimony from Mr. Pentz and Reverand [sic] Sutterfield regarding their opinion that Komsi could not understand that he was pending a felony charge when he purchased firearms is expert opinion testimony regarding Komsi's state of mind, and that this opinion is barred by Rule 701.

(Filing No. 65 at 4-5.) The Government also argues the evidence is inadmissible under FRE 704(b), which states "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trial of fact alone." *Id* at 4.

Komsi responds that Dr. Pentz and Rev. Sutterfield "were in frequent close contact with [Komsi] during the period when the alleged offenses took place" and that they "will each testify as to the assignment of [Komsi] to their respective caseloads by the Veterans Administration by and through the [Veterans Treatment Clinic]; the purpose of their respective assignments; and their respective observations of [Komsi's] general demeanor and specific behaviors during the period immediately before and during the alleged offense dates." (Filing No. 69 at 3.) Komsi argues this testimony is relevant to his state of mind at the time of the offense.

The Court first addresses the Government's argument based on Rules 701, 702, and 704. FRE 704(b) prevents an expert witness from giving an opinion in a criminal case that goes to the defendant's mental state if that mental state is an element of the charged offense. But Komsi has

not designated Dr. Pentz and Rev. Sutterfield as experts, and thus FRE 704 does not apply here. Rule 701 governs opinion testimony by lay witnesses and allows that testimony only if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Government argues the proposed testimony of Dr. Pentz and Rev. Sutterfield fails to satisfy the third requirement because it would, at least in part, be based on Komsi's medical diagnosis. ([Filing No. 65 at 9](Filing No. 65 at 9).)

The Court agrees with that argument. At the pre-trial conference, Komsi's counsel proffered that both Dr. Pentz and Rev. Sutterfield "dealt with Komsi during the indictment" and had relevant evidence as to how they were treating Komsi. When the Court inquired regarding what the two were treating Komsi for, counsel responded that they were treating him for depression. Counsel also indicated the testimony would be relevant not only to show what Komsi was going through at the time but how those stressors affect people's understanding of facts.

The testimony by Dr. Pentz, as described by Komsi's counsel, is not lay testimony because it relies on a medical diagnosis that the witness may have had a part in providing and because it purports to give opinion as to "how stress can affect individuals". In order to testify in this regard, Pentz would have to use scientific or specialized knowledge acquired through training and through experience at the Veterans Treatment Clinic.

Likewise, Komsi has failed to establish how Rev. Sutterfield's testimony regarding Komsi's state of mind and depression would be admissible under FRE 701. Komsi argues that he is offering Rev. Sutterfield in his position as a chaplain who was treating and counseling him for depression. For the same reasons explained above, Komsi is not allowed to offer testimony from Rev. Sutterfield as an expert.

Moreover, evidence of what Komsi said to Dr. Pentz and Rev. Sutterfield is inadmissible hearsay under FRE 802 if offered for the truth of the matter asserted unless it was a statement made for medical diagnosis or treatment, which is excluded from the hearsay rule by FRE 803(4). Komsi has implied that both Dr. Pentz and Rev. Sutterfield were treating him for mental illness around the time of the alleged criminal firearms purchases. The Government points out that it "has not received any documentation regarding Komsi's medical diagnosis, even though the [Government] requested such a disclosure in its July 18, 2018 discovery letter." (Filing No. 65 at 5.) Accordingly, hearsay testimony regarding what Komsi told Dr. Pentz and Rev. Sutterfield is excluded, unless counsel first provides an exception to the hearsay rule. In addition, Dr. Pentz and Rev. Sutterfield may not give their opinions that Komsi was incapable of understanding that he had a felony charge pending against him at the time he allegedly purchased the firearms.

While Dr. Pentz and Rev. Sutterfield may not give opinion testimony that relies on scientific or specialized knowledge, the two may still be allowed to testify as to their relevant observations if that testimony does not violate any other rules of evidence. Accordingly, the Court **grants** the Government's motion in *limine* as to any opinion testimony that relies on scientific or specialized knowledge but declines to exclude these witnesses. The motion in *limine* is **denied** as to any relevant testimony they wish to provide. At trial, the Rules of Evidence might require the Court to exclude Dr. Pentz and Rev. Sutterfield's testimonies. However, on the current record, the Court cannot say that their testimony is clearly inadmissible for any purpose.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion for Orders *in Limine* (Filing No. 65) **in part** and **DENIES** it **in part**. The motion in *limine* is **granted** as to Raiman's testimony and Raiman is excluded as a witness based on the proffer for her testimony.

7

The motion in *limine* is **granted** as to any opinion testimony from Dr. Pentz and Rev. Sutterfield. The Court **denies** the motion with regards to relevant fact testimony that Dr. Pentz and Rev. Sutterfield might offer.

A motion *in limine* is not a final appealable order. If either party believes that evidence preliminarily deemed inadmissible (or admissible) should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

**SO ORDERED.**

Date: 6/28/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry D. Simon
SIMON LAW OFFICE
larrysimonlawoffice@gmail.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Lindsay E. Karwoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lindsay.karwoski@usdoj.gov