# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cr-00013-TWP-VTW-1 |
| | ) |
| WAYNE JOHN KOMSI, III, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on the Government's third Motion for Order *in Limine*. ([Filing No. 88](#).) In this Motion, the Government seeks to preclude Defendant Wayne John Komsi, III ("Komsi") from attempting to introduce evidence, make argument, or otherwise mention the fact that his Jennings County case was dismissed on October 16, 2019, following his successful completion of the Veteran's Treatment Court program in Bartholomew County. The Government moves, *in limine*, to bar this evidence pursuant to Federal Rules of Evidence 401 and 403. For the following reasons, the Government's Motion is **granted**.

## I. LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Government has filed a Motion for Orders *in Limine* requesting that the Court address certain matters that are capable of resolution prior to trial. The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does

not necessarily mean that all evidence contemplated by the motion is admissible (or inadmissible); rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.  DISCUSSION

Komsi has been indicted for four violations of making a false statement during the purchase of a firearm, in violation of Title 18, U.S.C. 924(a)(1)(A). ([Filing No. 75](Filing No. 75).) Each count alleges that Komsi made a false statement in connection with firearm purchases that occurred on separate dates between March 6, 2018 and May 26, 2018. The Government asserts that when Komsi made the statements on the dates charged in connection with his purchase of the various firearms, he was under Information in Jennings County, Indiana for felony Resisting Law Enforcement under Case Number 40C01-1701-F6-000020[1]. The Government argues that the dismissal of Komsi's resisting case on October 16, 2019 (roughly a year and a half after Komsi made the statements alleged in the Indictment), based on his successful completion of the Veterans Treatment Court diversion program is irrelevant and should not be admitted at trial. The Government contends the only reason Komsi would want the jury to know that the Jennings County case has been dismissed is to either confuse the jury, or alternatively, in furtherance of jury nullification. According to the Government, as a matter of law, evidence or argument intended to encourage jury nullification should be precluded. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996).

Komsi has not disputed that the felony charge was still pending when he was indicted on July 3, 2018, nor has he offerd how the October 2019 dismissal of his state case is relevant evidence in this case. Instead, Komsi responds that there is no "empirical or other grounding for believing

---

[1] The Complaint alleges that Komsi was charged by Information on December 15, 2016 with a level 6 felony and on December 13, 2017 signed a plea agreement indicating that he "shall not acquire, purchase, or possess or use any firearm." (*See* [Filing No. 1 at 3](Filing No. 1 at 3).)

that jurors would be apt to nullify in this case" and that this evidentiary ruling should be made at trial in context to the proceedings. *See* Filing No. 92 at 2.

Federal Rule of Evidence 403 explains that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Federal Rule of Evidence 402 provides, "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401.

Although jury nullification may not be his intent, Komsi has not shown how evidence of the October 2019 dismissal would be relevant in this case. This Court has previously ruled that Komsi's progress in the Veterans Treatment Court and how that court operates is not relevant evidence because it does not make the facts that he had a felony charge pending against him when he allegedly made the false statement on the applications in 2018, or that he lied on the firearms transaction record more or less likely. Likewise, that the Jennings County Prosecutor's Office has recently dismissed the 2016/2017 felony case is not relevant evidence and it should be excluded. Thus, the Government's third Motion *in Limine* is **granted.**

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion for Order *in Limine* (Filing No. 88). A motion *in limine* is not a final appealable order. If Komsi believes that evidence preliminarily deemed inadmissible should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

**SO ORDERED.**

Date: 12/17/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry D. Simon
SIMON LAW OFFICE
larrysimonlawoffice@gmail.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Lindsay E. Karwoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lindsay.karwoski@usdoj.gov